KAREN LECRAFT HENDERSON, Circuit Judge,
dissenting:
I agree with Judge Brown that the en banc majority is wrong on the merits and join fully her well-reasoned and compelling dissent. But, for the life of me, I do not understand how we got to the en banc stage in this case. As Judge Brown notes, the original panel “was wrong to contradict R.J. Reynolds” — and not solely because the panel was wrong on the merits. See Dissent at 11 (citing R.J. Reynolds Tobacco Co. v. FDA, 696 F.3d 1205, 1213 (D.C.Cir.2012)). The panel was also wrong for the simple reason that its merits decision — whether or not correct — did indeed “contradict” our decision in R.J. Reynolds and therefore should not have issued.
One of our court’s most fundamental governing principles is the “law of the circuit doctrine” which decrees that the decision of a three-judge panel of the court “is ‘the decision of the court.’ ” LaShaum v. Barry, 87 F.3d 1389, 1395 (D.C.Cir.1996) (en banc) (quoting Revision Notes to 28 U.S.C. § 46). “One three-judge panel, therefore, does not have the authority to overrule another three-judge panel of the court.” Id. Yet, inexplicably, this is what happened here.
In R.J. Reynolds, we vacated the Food and Drug Administration’s final rule establishing mandatory graphics warnings on cigarette packages. In so doing, we rejected two “narrow and well-understood exceptions to the general rule that content based speech regulations — including compelled speech — are subject to strict scrutiny.” R.J. Reynolds, 696 F.3d at 1212 (quotation marks omitted). The first of the exceptions — which is at issue here— covers “ ‘purely factual and uncontroversial’ disclosures [that] are ‘reasonably related to the State’s interest in preventing deception of consumers,’ provided the requirements are not ‘unjustified or unduly burdensome.’ ” Id. (quoting Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 651, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985)). In R.J. Reynolds, the majority found the Zauderer standard inapplicable to the graphics warning requirement because “by its own terms, Zauderer’s holding is limited to cases in which disclosure requirements are ‘reasonably related to the State’s interest in preventing deception of consumers.’ ” Id. at 1213 (quoting Zauderer, 471 U.S. at 651, 105 S.Ct. 2265); see also id. at 1214 (“[T]he government could not seek review under the lenient Zauderer standard absent a showing that the advertisement at issue would likely mislead consumers.”); id. (“Zauderer, Iba-nez, and Milavetz thus establish that a disclosure requirement is only appropriate if the government shows that, absent a warning, there is a ... danger that an advertisement will mislead consumers.”); id. at 1214-15 (“[I]n the absence of any congressional findings on the misleading nature of cigarette packaging itself, there is no justification under Zauderer for the graphic warnings.”); see also Nat’l Ass’n of Mfrs. v. NLRB, 717 F.3d 947, 959 n. 18 (D.C.Cir.2013) (“In a footnote to its brief, the Board states that its rule satisfies Zauderer ..., but it does not explain why that decision has even the slightest bearing on this case. Under Zauderer, the government may, consistently with the First Amendment, require a party to a *36 commercial transaction to make disclosures in order to prevent that party from deceiving its customers.” (citing R.J. Reynolds, 696 F.3d at 1215)).
Given its repeated and emphatic reliance on the limited applicability of the Zauderer standard — to language involving deception — the R.J. Reynolds majority plainly considered the in applicability of Zauderer as “integral” and “necessary” to its decision, that is to say, a “holding.” See Aamer v. Obama, 742 F.3d 1023, 1033 (D.C.Cir.2014) (determination that was “integral to our ultimate disposition of [a] case ... constitutes binding precedent”); Cross v. Harris, 418 F.2d 1095, 1105 n. 64 (D.C.Cir.1969) (“The distinction between holding and dictum ... turns on whether the court, in stating its opinion on the point, believed it necessary to decide the question or was simply using it by way of illustration of the case at hand.”). Nor was the importance of the majority’s reading of Zauderer lost on the dissenting judge. See R.J. Reynolds, 696 F.3d at 1223 (Rogers, J., dissenting) (“Even treating Zauderer’s ‘less exacting scrutiny’ as limited to disclosure requirements serving a governmental interest in preventing consumer deception, the voluminous findings of our own courts ... are more than adequate to substantiate that interest”) (emphasis added); id. at 1227 n. 6 (noting “[a]s other circuits have recognized, in Zauderer the Supreme Court appears simply to have held that a government interest in protecting consumers from possible deception is sufficient to support a disclosure requirement — not that this particular interest is necessary to support such a requirement” but also concluding “[i]n view of the likelihood of consumer confusion or deception shown here, there is no need to determine whether the scope of Zauderer encompasses other government interests”) (emphasis in original).
Nonetheless, the original panel here decided that “Zauderer is best read as applying not only to mandates aimed at curing deception but also to ones for other purposes, and that neither Reynolds nor [National Association of Manufacturers v. NLRB, 717 F.3d 947 (D.C.Cir.2013) ] represents a holding to the contrary.” Am. Meat Inst. v. U.S. Dep’t of Agric. (AMI I), 746 F.3d 1065, 1073 (D.C.Cir.2014), vacated, 2014 WL 2619836 (D.C.Cir. Apr.4, 2014) (granting rehearing en banc). I find this conclusion untenable given the centrality of the R.J. Reynolds majority’s limited reading of Zauderer. Because that reading constituted part of R.J. Reynolds ’s holding, the “power” to overrule it could properly “be exercised only by the full court, either through an in [sic] banc decision or pursuant to the more informal practice adopted in Irons v. Diamond, 670 F.2d 265, 268 n. 11 (D.C.Cir.1981),” La-Shawn, 87 F.3d at 1395 (citation omitted). The panel nonetheless issued its own decision overruling R.J. Reynolds’s Zauderer holding instead of either seeking full en banc hearing or inserting a proper Irons footnote announcing, if obtained, the en banc court’s unanimous endorsement of the opinion.*
*37 In sum, I do not understand how the panel opinion in this case came to be. Its issuance is inconsistent with our law of the circuit doctrine and runs counter to the principle of stare decisis, which “ ‘demands that we abide by a recent decision of one panel of this court unless the panel has withdrawn the opinion or the court en banc has overruled it.’ ” In re Sealed Case, 181 F.3d 128, 145 (D.C.Cir.1999) (Henderson, J., concurring (quoting Brewster v. Commissioner, 607 F.2d 1369, 1373 (D.C.Cir.1979)) (quotation marks omitted)). I need hardly add my hope that this case is an outlier; if not, we risk adopting the habit of slapping the “dictum” label on any holding that any two of us find inconvenient and thereby replacing law of the circuit with law of the panel.

That the panel forewent the Irons footnote procedure is not surprising as none of the justifications therefor fits. Our written policy, based on our accumulated case law, sets out four specific — albeit non-exclusive — bases for an Irons footnote:
(1) resolving an apparent conflict in the prior decisions of panels of the court;
(2) rejecting a prior statement of law which, although arguably dictum, warrants express rejection to avoid future confusion;
(3) overruling an old or obsolete decision which, although still technically valid as precedent, has plainly been rendered obsolete by subsequent legislation or other developments; and
(4) overruling a more recent precedent which, due to an intervening Supreme Court decision, or the combined weight of authority from other circuits, a panel is convinced is clearly an incorrect statement of current law.